IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEANGELO SANDERS,                      )
                                       )
                    Petitioner,        )
                                       )
vs.                                    )     Case No. 09-cv-0182-MJR
                                       )
UNITED STATES OF AMERICA,              )
                                       )
                    Respondent.        )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Following a four-day jury trial that culminated in guilty verdicts, the undersigned Judge sentenced DeAngelo Sanders in January 2007.  The United States Court of Appeals for the Seventh Circuit affirmed the conviction and sentence in April 2008.  Sanders then moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C. 2255.

In a detailed 17-page Order entered April 12, 2010, the undersigned Judge denied Sanders' request for relief and dismissed his § 2255 petition.   On May 14, 2010, Sanders moved for issuance of a certificate of appealabilty ("COA").  Ten days later, the undersigned Judge denied the motion for COA (see Doc. 13), and the Clerk of this Court construed the COA as a notice of appeal (see Doc. 16).  The Court of Appeals acknowledged receipt of the notice and short record on appeal and advised this Court of the appeal number (USCA Case Number 10-2302) in late May 2010 (see Docs. 16, 17).

On June 11, 2010, Sanders moved this Court to *reconsider* its denial of his motion for issuance of a COA.  Sanders has presented no ground warranting grant of the COA and demonstrated no basis on which reconsideration is appropriate – under Federal Rule of Civil Procedure 59(e), under Federal Rule of Civil Procedure 60(b), or otherwise.  Accordingly, the Court **DENIES** the motion to reconsider (Doc. 18).  One other motion remains.

On June 14, 2010, Sanders filed in the Seventh Circuit a motion for leave to appeal *in forma pauperis* ("IFP").  The Seventh Circuit transferred that motion to this District Court the following day, noting that Sanders "should have filed the motion in the district court in the first instance," and reminding Sanders that if this Court denies the IFP on appeal motion, Sanders must refile the motion in the Seventh Circuit.  ***See* Doc. 19,** *citing* **FED. R. APP. P. 24.**

A fairly liberal standard governs motions for leave to appeal IFP. ***See, e.g, Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).**  28 U.S.C. 1915(a)(1) permits a federal district court to authorize commencement of an appeal without prepayment of fees by a person who submits an affidavit showing that he is unable to pay the appeal fee.  Sanders has submitted an affidavit demonstrating his inability to pay the appellate filing fee.

However, authorization for IFP on appeal is not permissible if the district court certifies in writing that the appeal "is not taken in good faith." **28 U.S.C.  1915(a)(3)**.  ***See also Moran v. Sondalle*, 218 F.3d 647, 651**

**(7th Cir. 2000)(revoking grants of IFP on appeal because "appeals are not taken in good faith for purposes of § 1915(a)(3)").**

Just because the district court denied the petitioner issuance of a COA does not mean the appeal is taken in *bad* faith.  **See Walker v. O'Brien, 26 F.3d 626, 632 (7th Cir. 2000).**  Nor can an inference of bad faith be drawn from the petitioner's failure to include in his notice of appeal reasons why his appeal is in *good* faith.  **Celske v. Edwards, 164 F.3d 396, 397-98 (7th Cir. 1999).**  Rather, an appeal is not taken in good faith if the court concludes that no reasonable person could suppose the appeal to have any merit.  **See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).**

In other words, an appeal is not taken in good faith if the grounds for appeal are frivolous or the appeal is futile.  **See Celske, 164 F.3d at 397.** But, as the Seventh Circuit admonished in **Pate, 163 F.3d at 439:** "We caution district courts not to apply an inappropriately high standard when making good faith determinations."   Application of these standards to Sanders' appeal produces no finding of bad faith. Accordingly, the Court **GRANTS** Sanders' motion for leave to proceed IFP on appeal (Doc. 20).

IT IS SO ORDERED.

DATED June 16, 2010.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge